1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

8

MARNIE BRYAN,

NO.

9

            Plaintiff,

10

v.

**INDEX**

11

MARICOPA COUNTY, a jural entity; PAUL PENZONE in his official capacity as Maricopa County Sheriff; GARY and JANE DOE KAPLAN, a married couple; DOES 1-100,

12
13

            Defendants.

14
15
16

Exhibit:    (A) Civil Cover Sheet
              (B) State Court Record

17
18

              Attachment:

19

                1.  Supplemental Cover Sheet

20

                2.  Recent State Court Docket

21

                3.  Complaint

22

                4.  Service Documents

23

                5.  Remainder of the State Court Record

24

                6.  Verification of DCA Courtney R. Glynn

           (C) Superior Court Notice of Removal to the Federal District Court

25
26
27
28

1

# Exhibit A
## Civil Cover Sheet

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

---

**Plaintiff (s):**   Marnie Bryan ,

County of Residence: Maricopa

County Where Claim For Relief Arose: Maricopa

**Defendant (s):**  , Maricopa County; Paul Penzone

County of Residence: Maricopa

Plaintiff's Atty(s):

**Scott Griffiths**
**LAW OFFICE OF SCOTT GRIFFITHS PLLC**
**1753 East Broadway Road, Suite 101-258**
**Tempe, AZ  85282**

Defendant's Atty(s):

**Pamela A Hostallero**
**Maricopa County Attorney Office**
**225 W. Madison Street**
**Phoenix, Arizona  85224**
**602-506-3411**

**Jonathan C Simon**
**Maricopa County Attorney**
**225 W. Madison Street**
**Phoeniz, Arizona  85003**
**602-506-3411**

---

**REMOVAL FROM MARICOPA COUNTY, CASE #CV2021-011427**

---

II. Basis of Jurisdiction:      **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties **(Diversity Cases Only)**

Plaintiff:- **N/A**

Defendant:- **N/A**

IV. Origin :               **2. Removed From State Court**

V. Nature of Suit:          **440 Other Civil Rights**

VI. Cause of Action:        **By reason of the above facts, (a) the United States District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1331, because one or more claims asserted by the Plaintiff arises under the Constitution, laws, or treaties of the United States; and (b) the case is removable pursuant to 28 U.S.C. § 1441(c). All named Defendants consent to the removal of this action.**

VII. Requested in Complaint
                    Class Action: **No**
          Dollar Demand:
          Jury Demand: **Yes**

VIII. This case **is not related** to another case.

**Signature:  Pamela A. Hostallero**

     **Date:  8/16/2021**

*If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the Back button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.*

Revised: 01/2014

# EXHIBIT B

## State Court Record

Attachments:
1. Supplemental Cover Sheet
2. Recent State Court Docket
3. Complaint
4. Service Documents
5. Remainder of the State Court Record
6. Verification of Pamela Hostallero

# Attachment 1
## Supplemental Cover Sheet

## SUPPLEMENTAL CIVIL COVER SHEET
### FOR CASES REMOVED FROM ANOTHER JURISDICTION

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

---

1.   **Style of the Case:**
     Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and
     Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the
     attorney(s) of record for each party named and include their bar number, firm name, correct mailing
     address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|---|---|---|
| Marnie Bryan | Plaintiff | Scott Griffiths<br>LAW OFFICE OF SCOTT GRIFFITHS PLLC<br>1753 East Broadway Road, Suite 101-258<br>Tempe, AZ  85282 |
| Maricopa County<br>Paul Penzone | Defendant | PAMELA A. HOSTALLERO (026711)<br>JONATHAN C. SIMONS (029750)<br>Maricopa County Attorney's Office<br>CIVIL SERVICES DIVISION<br>225 West Madison Street<br>Phoenix, Arizona 85003<br>602-506-3411 |
| Gary Kaplan<br>Jane Doe Kaplan | Defendant | |

2.   **Jury Demand:**
     Was a Jury Demand made in another jurisdiction?     Yes  ◉          No  ◯
     If "Yes," by which party and on what date?

     _____          _____

3.   **Answer:**
     Was an Answer made in another jurisdiction?     Yes  ◯          No  ◉
     If "Yes," by which party and on what date?

     _____          _____

**4.**     **Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|-------|-------------|-------------------|
| Maricopa County | 7/27/21 | Process Server |
| Paul Penzone | 7/27/21 | Process Server |
| Gary Kaplan | 8/5/21 | Process Server |

**5.**     **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|-------|-------------------|
|  |  |
|  |  |
|  |  |

**6.**     **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|-------|-------------------|
|  |  |
|  |  |
|  |  |

**7.**     **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|-------|--------|
| Defendant Gary Kaplan | 42 USC §1983 14th Amendment |
| Defendant Maricopa County/Paul Penzone | 42 USC §1983 Monell Claim |
| Defendant Maricopa County | Negligent Supervision, Training, & Retention |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

Supp CV Cover Sheet (rev 8/20/2015)

# Attachment 2
# Recent State Court Docket

 ❯ Docket

# Civil Court Case Information – Case History

**Case Information**

| | | | |
|---|---|---|---|
| Case Number: | CV2021-011427 | Judge: | Sinclair, Joan |
| File Date: | 7/19/2021 | Location: | Downtown |
| Case Type: | Civil | | |

**Party Information**

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Marnie Bryan | Plaintiff | Female | Scott Griffiths |
| Maricopa County | Defendant | | Pro Per |
| Paul Penzone | Defendant | Male | Pro Per |
| Gary Kaplan | Defendant | Male | Pro Per |

**Case Documents**

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 7/31/2021 | AFS - Affidavit Of Service | 8/5/2021 | |
| **NOTE:** PAUL PENZONE | | | |
| 7/31/2021 | AFS - Affidavit Of Service | 8/5/2021 | |
| **NOTE:** MARICOPA COUNTY | | | |
| 7/19/2021 | COM - Complaint | 7/20/2021 | |
| **NOTE:** Complaint | | | |
| 7/19/2021 | CSH - Coversheet | 7/20/2021 | |
| **NOTE:** Civil Cover Sheet | | | |
| 7/19/2021 | CCN - Cert Arbitration - Not Subject | 7/20/2021 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 7/19/2021 | SUM - Summons | 7/20/2021 | |
| **NOTE:** Summons | | | |
| 7/19/2021 | SUM - Summons | 7/20/2021 | |
| **NOTE:** Summons | | | |
| 7/19/2021 | SUM - Summons | 7/20/2021 | |
| **NOTE:** Summons | | | |
| 7/19/2021 | SUM - Summons | 7/20/2021 | |
| **NOTE:** Summons | | | |
| 7/19/2021 | SUM - Summons | 7/20/2021 | |
| **NOTE:** Summons | | | |

**Case Calendar**
There are no calendar events on file

**Judgments**
There are no judgments on file

# Attachment 3
## Complaint

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
7/19/2021 5:09:13 PM
Filing ID 13141759

Scott Griffiths (028906)
**LAW OFFICE OF SCOTT GRIFFITHS PLLC**
201 E Southern Avenue, Suite 207
Tempe, Arizona 85282
Ph:     602-875-0601
Fax:    602-926-1864
docket@griffithslawaz.com
*Attorney for Plaintiff*

## IN THE SUPERIOR COURT OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MARNIE BRYAN, | Case No.:  **CV2021-011427** |
|                 Plaintiff, | |
|  v. | **COMPLAINT** |
| MARICOPA COUNTY, a jural entity; PAUL PENZONE in his official capacity as Maricopa County Sheriff; GARY and JANE DOE KAPLAN, a married couple; DOES 1-100, | |
|                 Defendants. | |

For her Complaint against Defendants, Plaintiff Marnie Bryan alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Marnie Bryan is a resident of Maricopa County, Arizona.

2.      Defendant Maricopa County is a political subdivision of the State of Arizona that can sue and be sued in its own name.

3.      Defendant Maricopa County Sheriff's Office ("MCSO") is a law enforcement agency in Maricopa County, Arizona that acts by and through its officials, employees, and agents.

4.      Defendant Paul Penzone is the Sheriff of Maricopa County and is sued in his official capacity. He is the final decision-maker for Maricopa County in the area of law enforcement and is responsible for setting and implementing the policies and practices of the

1

1  MCSO, including but not limited to, creating and regulating policies regarding the
2  professional behaviors and acts of MCSO employees, including Detective Gary Kaplan.

3       5.      Defendant Gary Kaplan was, at the time of the events alleged herein, a resident
4  of Maricopa County, Arizona.

5       6.      Defendant Jane Doe Kaplan is the spouse of Gary Kaplan. Defendant Jane Doe
6  Kaplan is named because at all relevant times herein, Defendant Gary Kaplan was acting for
7  the benefit of his marital community and therefore the marital community is liable for the acts
8  of Defendant Gary Kaplan.

9       7.      Defendants Does 1-100 represent individual and entity defendants whose
10 identities are currently unknown but are responsible, in whole or in part, for Plaintiff's
11 damages alleged herein. Plaintiff will move to substitute the names of these defendants upon
12 discovery of same.

13      8.      For the purposes of Plaintiff's claims arising under 42 U.S.C. §1983, at all
14 relevant times, Defendants were acting under the color of state law.

15      9.      For the purposes of Plaintiff's state law claims, Defendants Maricopa County
16 and MCSO are liable for the acts and omissions of Defendant Gary Kaplan under the theory
17 of *respondeat superior*.

18      10.     Venue is proper in this Court as the actions and events at issue in this case
19 occurred in Maricopa County, Arizona.

20      11.     This court has subject matter jurisdiction of the matters at issue in this
21 Complaint.

22      12.     Plaintiff has served a Notice of Claim on Maricopa County, the MCSO, and
23 Gary Kaplan in compliance with A.R.S. § 12-821.01. More than sixty days has passed since
24 the Plaintiff has served the Notice of Claim and Defendants have not responded to said Notice
25 of Claim.

26 //
27 //
28

2

## **FACTUAL ALLEGATIONS**

13.     On or about the evening of July 17, 2020, Plaintiff went to her boyfriend, William's, home in Chandler. Before she arrived and continuing after she got there, William had consumed alcohol and drugs.

14.     A short while later, William began arguing with Plaintiff and became verbally and physically abusive to Plaintiff.

15.     William physically assaulted Plaintiff and threatened her life with a pistol that he had in his home. He had used that same pistol to threaten Plaintiff in a similar manner on prior occasions.

16.     Being timid and passive, Plaintiff slowly de-escalated the situation before calling a Lyft and fleeing the scene to her own apartment.

17.     Back in the safety of her apartment, Plaintiff was distraught, emotional, and physically drained. She ended up falling asleep for a few hours.

18.     When she woke up the following morning, she contacted the Mesa Police Department, and an officer was immediately dispatched to meet her. After learning that the domestic assault had happened on a county island in Chandler, the Mesa Police Department directed her to contact the MCSO to report the crime.

19.     When Plaintiff contacted MCSO, an officer immediately responded to her home location. That officer took notes and started a report. Plaintiff was asked to go to the MCSO's Mesa office on Monday morning, July 20th to meet with Detective Gary Kaplan.

20.     On Monday morning, Plaintiff went to the MCSO's office to meet Detective Gary Kaplan.

21.     When Plaintiff arrived at Detective Kaplan's office, she was quickly ushered back to an interview room where they discussed the events of the prior evening and William's threats to kill her.

22.     Detective Gary Kaplan learned about William and his violent outbursts.

23.     Detective Kaplan also learned that Plaintiff was previously emotionally and physically abused and that she immediately and easily acquiesces to authority.

24.     When the interview was over, Plaintiff returned to the lobby to wait for her sister to come pick her up. Detective Kaplan followed her to the lobby and told her that he didn't want her to wait alone and sat with her in the lobby, continuing small talk and learning about her.

25.     After Plaintiff's sister arrived at the MCSO office, Plaintiff left with her sister.

26.     Plaintiff had not even gotten a mile away before she began receiving text messages from Detective Kaplan urging her to get a restraining order against William.

27.     Detective Kaplan offered to pick Plaintiff up the following morning from her house to take her to get the restraining order.

28.     Plaintiff acknowledged the texts but did not think it was appropriate for Detective Kaplan to assist her in doing so.

29.     The following morning, Plaintiff called a Lyft and went to the courthouse to get the restraining order against William.

30.     While she was there, Detective Kaplan began texting Plaintiff, offering to pick her up at her house and accompany her to get the restraining order.

31.     When Plaintiff responded that she was already at the courthouse, Detective Kaplan insisted that he would come pick her up and take her home from the courthouse.

32.     Plaintiff was unsure of what to do and how to respond. She did not feel comfortable, but she knew that Detective Kaplan was actively investigating the case against William and trusted that he was looking out for her interests.

33.     Plaintiff acquiesced and agreed to let Detective Kaplan drive her home.

34.     Detective Kaplan arrived at the courthouse in his MCSO vehicle and was dressed in his work uniform.

35.     On the way to her home, Detective Kaplan pushed to learn more about Plaintiff's home life. For instance, Detective Kaplan asked her who she lived with. Plaintiff answered that she lived with her son.

36.     Detective Kaplan then asked if Plaintiff's son was at home right then. Plaintiff began responded that her son was at home.

4

37.     Detective Kaplan continued small talk, learning about Plaintiff's home life and interests.

38.     After a few moments, they arrived at Plaintiff's home. Detective Kaplan watched as Plaintiff got out of Kaplan's vehicle, unlocked the door, and went into her home.

39.     Moments after dropping her off, Kaplan continued to send text messages to Plaintiff.

40.     He texted a "*word of advice… don't date crazy men*." He included an emoji with the text message.

41.     Plaintiff thought that the text messages were inappropriate and felt that the inclusion of the emoji was unprofessional and too friendly. But she trusted that Detective Kaplan was working in her best interest and was helping her deal with William and the fact that he had threatened her life with a gun. Plaintiff responded in joking fashion.

42.     Detective Kaplan pushed for more, texting her that she needed a dog.

43.     Plaintiff responded that she had a German Shepherd and they exchanged messages about German Shepherd dogs.

44.     Detective Kaplan texted, "*I wld have love to have met him*" and eventually texted, "*I'm still only 2 miles away. Shod I turn around and say hi*".

45.     Plaintiff was unsure of what to do and became nervous and flustered. Not wanting to upset Kaplan and now knowing how to tell him no, Plaintiff did what she always does – acquiesce to authority. She answered, "*sure*". Detective Kaplan responded, "*5 min*."

46.     When Detective Kaplan arrived back at Plaintiff's home, he invited himself into her home.

47.     While he was there, Detective Kaplan met Plaintiff's dog and began playing with the dog.

48.     Detective Kaplan initially sat in a chair across the room from Plaintiff.

49.     He soon moved closer to her from his seat to the couch where she was sitting. As they both sat on the opposite ends of the couch, Detective Kaplan began moving toward her until he was next to her.

50.     Plaintiff began to get scared and excused herself to the restroom.

51.     When she came out of the restroom, Detective Kaplan was standing at the door of the restroom. Detective Kaplan asked where her bedroom was, and Plaintiff reluctantly told him that it was the room adjacent to the bathroom.

52.     He then walked into her bedroom.

53.     Plaintiff was curious why he was walking into her room, so she followed him. When she got to the door, she peered into the room and saw that Detective Kaplan was taking off his gun belt and then started taking off his clothes.

54.     As he finished undressing, he ordered Plaintiff to do the same.

55.     Plaintiff knew that Detective Kaplan was investigating William and didn't want to anger Detective Kaplan to the point that he would stop the investigation. She had also never been in a position where a man, let alone a law enforcement officer, was in her home and demanding that she undress.

56.     Plaintiff, who has a history of traumatic experiences with men, did not know what to do or how to respond. So, she once again acquiesced and complied with his order.

57.     Detective Kaplan then proceeded to push Plaintiff down onto her bed and force himself on her sexually, raping her without a condom.

58.     When Detective Kaplan was done, he quickly got dressed and started toward the door.

59.     As Detective Kaplan left Plaintiff's home, he told her that she was lucky and that she could check one item off her bucket list. When Plaintiff asked what he meant, Detective Kaplan responded that sleeping with a cop was something that all women wanted and that she was lucky that he had.

60.     After he left her house, Plaintiff was emotional and had no idea how to even process what had happened.

61.     Within hours of leaving her home, Detective Kaplan began texting Plaintiff again, asking personal things like what she was wearing, if he could come back to her house, if she had a good time with him, if her "dog" needed another visit.

62.     Plaintiff was terrified after what happened and was afraid that if she responded to personal questions, he would take it as an invitation to come back and rape her again. She also felt that if she didn't respond, Detective Kaplan would not continue his investigation.

63.     So, fearing reprisal from Detective Kaplan, she began responding to his text messages more and more slowly and tried to politely reject his messages. Soon afterward, Detective Kaplan slowed down his texting.

64.     Sometime in the first week of August, William broke into Plaintiff's house and found her phone. He looked through her phone without permission.

65.     When William opened her phone and discovered the text messages, he figured out that Detective Kaplan had abused his position of authority to become friendly and flirtatious with Plaintiff.

66.     William told Plaintiff that the charges against him needed to be dropped or he planned on calling the MCSO to report Detective Kaplan's personal relationship and the obvious conflict of interest in Kaplan's relationship with Plaintiff.

67.     Plaintiff, now scared with the prospect that William may not be charged with assaulting her and threatening her life, called Detective Kaplan to tell him about William and his threat.

68.     In response, Detective Kaplan immediately drove to Plaintiff's home in full uniform and in the black SUV that MCSO detectives drive.

69.     When he arrived, Detective Kaplan looked at the phone and William's text messages briefly. He appeared to type a message and delete some other messages before closing her phone.

70.     Detective Kaplan then turned to Plaintiff and moved closer to her, backing her into the bedroom, where he raped her again, without a condom. This time, Plaintiff was still wearing her dress.

71.     When Detective Kaplan finished, he immediately got dressed and left Plaintiff's home.

72.     Within a day or two, the Maricopa County Attorney's Office decided that it would not press charges against William. As a result, William's charges were dropped.

73.    In the days following the second assault, Plaintiff initially hid the fact that she was raped and taken advantage of by Detective Kaplan. But soon the emotional turmoil was too much for her and she reluctantly told her family about Detective Kaplan and how he had raped her twice.

74.    Plaintiff's family urged her to go to the hospital or, at a minimum, contact the MCSO to report the rape. But Plaintiff was deathly afraid of Detective Kaplan and decided, like many rape victims do, to not report it.

75.    Meanwhile, William was unafraid of Detective Kaplan. On or about September 17, 2020, to get even with Detective Kaplan for not dropping the charges, William contacted the MCSO and told them about Kaplan's relationship with Plaintiff.

76.    After receiving William's call, the Sheriff's Office opened a case with the Professional Standards Bureau (the "PSB"), the department at the MCSO that investigates officer conduct.

77.    On or about September 23, 2020, the MCSO, through Detective Kaplan, closed its investigation into William.

78.    However, an investigation into Detective Kaplan was already underway and on October 2, 2020, investigators from the PSB interviewed Plaintiff and learned her side of the story.

79.    Incredibly, the detectives with the PSB told Plaintiff that Detective Kaplan had sexually assaulted victims of other violent crimes and assured her that Plaintiff was not alone.

80.    In other words, Defendant Maricopa County knew about Detective Kaplan's proclivity to befriend and sexually assault victims of crimes, including violent crimes.

81.    Despite this knowledge, the Defendant Maricopa County permitted Detective Kaplan to continue to work for MCSO, investigate violent crimes, and put victims like Plaintiff, in harm's way.

82.    Defendants Maricopa County failed to train its detectives, including Detective Kaplan, about Plaintiff's well-established right to bodily integrity and security.

83.    Likewise, Defendants Does 1-100 also knew about Detective Kaplan's proclivity to befriend and sexually assault victims of crimes, including violent crimes. Does 1-100 failed to

intervene to prevent Detective Kaplan from being in a position to sexually assault victims of crimes.

84. The detectives at the PSB asked for Plaintiff's help in getting Detective Kaplan to admit his acts.

85. At first, Plaintiff refused to assist the PSB. But after learning that Kaplan had done this before, she reluctantly agreed to assist the PSB by texting and then making a telephone call to Detective Kaplan on his department issued cell phone.

86. Working with PSB, Plaintiff told Detective Kaplan that she was pregnant from the rape.

87. During the recorded conversation, Detective Kaplan admitted that he had in fact had sex with her and offered to pay for an abortion.

88. A short while later, the investigators from the PSB went to Detective Kaplan's office and conducted an interview with him wherein he freely admitted the sexual encounters with Plaintiff.

89. In the hours after Plaintiff bravely called Detective Kaplan and got him to admit his acts, Detective Kaplan was arrested and charged with two counts of violating A.R.S. § 13-1412 – Unlawful Sexual Conduct; Peace Officer.

90. However, the charges were dropped almost immediately after the Maricopa County Attorney's Office decided that Plaintiff, the victim of William's domestic violence, was not a "*subject of an investigation.*"

91. Detective Kaplan was released from custody and now Plaintiff lives in fear of reprisal from Detective Kaplan and his law-enforcement friends at the MCSO.

92. Upon information and belief, Detective Kaplan still works for MCSO and is still a detective where he has the capacity to manipulate and take advantage of victims of crimes, like Plaintiff.

93. Plaintiff has since searched online and found at least one other instance where a different MCSO detective had slept with witness(es) to crimes and had not been fired or otherwise punished. Even after the well-publicized events surrounding that officer, Defendant Maricopa

County failed to enact policies or procedures to prevent such actions on the part of its employees, including Defendant Kaplan.

94.    As a result of the Defendants' actions and inactions, Plaintiff has incurred mental anguish and psychological/emotional damages in an amount to be proven at trial.

95.    Upon information and belief, Defendant Kaplan remains employed by the Maricopa County Sheriff's Office as a detective.

### CLAIMS FOR RELIEF

### COUNT 1
**Violation of Fourteenth Amendment / 42 U.S.C. § 1983**
**(Against Defendant Gary Kaplan and Doe Defendants)**

96.    Plaintiff restates and realleges the allegations of the previous paragraphs in this Complaint as if fully set forth herein.

97.    At all relevant times, Defendants Gary Kaplan and Doe Defendants were acting under the color of state law.

98.    As alleged herein, Defendant Kaplan knew he should not have sexually assaulted Plaintiff or had sex with the victim of a crime that he was investigating.

99.    As alleged herein, Doe Defendants knew that Defendant Kaplan had a proclivity toward aggressively seeking sexual relationships with victims of crimes he was investigating.

100.    Plaintiff had a protected liberty interest in freedom from sexual advances, abuse, and harassment created by Defendant Kaplan and Doe Defendants.

101.    Plaintiff's rights to bodily security include the right to be free from sexual abuse at the hands of law enforcement officers who are investigating crimes where Plaintiff was a victim.

102.    As alleged herein, Defendant Kaplan sexually assaulted Plaintiff on multiple occasions while she was in a weakened and victimized state.

103.    In doing so, or in preparation for doing so, he presented himself in full uniform and using County issued vehicles and phones. He utilized his position of power and authority as a law enforcement officer and investigator of violent crimes to befriend Plaintiff.

104.   Detective Kaplan offered to assist Plaintiff in securing a ride to and from the courthouse to get an order of protection. He offered advice about getting a dog. He made personal comments to Plaintiff about her choice in men while he was in a position of power and authority and while Plaintiff was in a weakened and victimized state. In doing so, Detective Kaplan preyed on Plaintiff using the trappings of his uniform and as a detective for MCSO.

105.   As a result of Defendant Kaplan and the Doe Defendants' actions and inactions, Plaintiff sustained damages, including mental anguish and psychological/emotional damages in an amount to be proven at trial.

106.   Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory and punitive damages due to Defendant Kaplan and the Doe Defendants' reckless and callously indifferent conduct.

107.   Pursuant to 42 U.S.C. § 1988 and other applicable law, Plaintiff is entitled to an award of her incurred attorneys' fees and costs.

## COUNT 2
### UNCONSTITUTIONAL PRACTICES/ *MONELL* / 42 U.S.C. § 1983
### (Against Maricopa County and Paul Penzone, in his official capacity)

108.   Plaintiff restates and realleges the allegations of the previous paragraphs in this Complaint as if fully set forth herein.

109.   Defendant Paul Penzone is the duly elected sheriff of Maricopa County, Arizona. He is the final decision-maker for Maricopa County in the area of law enforcement and is responsible for setting and implementing the policies and practices of the MCSO, including but not limited to, creating and regulating policies regarding the professional behaviors and acts of MCSO employees, including Detective Gary Kaplan.

110.   As alleged herein, Sheriff Penzone and Maricopa County have adopted, promulgated, and approved written and unwritten policies, procedures, and customs that violate the Fourteenth Amendment the United States Constitution because these policies, procedures, and customs are deliberately indifferent to Plaintiff's right to bodily security.

111.   These include unwritten policies to ignore instances where its employees, including Detective Kaplan, are known to take advantage of their position of power and authority to harass, make advances on, and/or sexually assault victims of serious and violent crimes.

112.   Despite well-publicized instances in the past where MCSO detectives had sexual relationships with victims of serious or violent crimes and who were known by detectives to be vulnerable, Sheriff Penzone and Maricopa County have not instituted policies or procedures that prohibit the acts alleged herein.

113.   The result of these policies, procedures, and customs is that victims of crimes can again be victimized, but this time by Maricopa County detectives who are charged with investigating crimes against the victim and protecting them and their rights.

114.   The result of these policies, procedures, and customs also means that detectives can exploit the victims of violent crimes for their own purposes.

115.   Sheriff Penzone and Maricopa County's failure to create a policy that prohibits its officers from violating a person's right to bodily security and permits those detectives who are known to harass, make advances on, and/or sexually assault victims of serious and violent crimes demonstrates deliberate indifference to Plaintiff's well-established civil rights.

116.   By adopting, promulgating, and approving such policies, procedures, and customs, Defendants Sheriff Penzone and Maricopa County were objectively unreasonable and undertook actions with willful, reckless, and malicious indifference to Plaintiff's rights.

117.   Defendants Penzone and Maricopa County failed to protect Plaintiff from a predictable and shocking result of its written and unwritten policies, procedures, and customs.

118.   As a result of Defendant Penzone and Maricopa County's actions and inactions, Plaintiff sustained damages, including mental anguish and psychological/emotional damages in an amount to be proven at trial.

119.   Pursuant to 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory and punitive damages due to Defendants Penzone and Maricopa County's reckless and callously indifferent conduct.

120.   Pursuant to 42 U.S.C. § 1988 and other applicable law, Plaintiff is entitled to an award of her incurred attorneys' fees and costs.

## COUNT 3
### Intentional Infliction of Emotional Distress
### (Against Defendant Kaplan)

121.   Plaintiff restates and realleges the allegations of the previous paragraphs in this Complaint as if fully set forth herein.

122.   As alleged herein, Detective Kaplan sexually assaulted Plaintiff twice. As such, Detective Kaplan's actions were intentional and reckless.

123.   Likewise, Detective Kaplan's conduct was extreme and outrageous. This is because he sexually assaulted Plaintiff while investigating a violent crime where Plaintiff was a victim. Detective Kaplan used the trappings of this position of authority and responsibility to gain Plaintiff's trust and gain access to her home.

124.   As a result of Defendant Kaplan's actions, Plaintiff sustained damages, including mental anguish and psychological/emotional damages in an amount to be proven at trial.

## COUNT 4
### Negligent Training, Supervision, and Retention
### (Against Defendant Maricopa County)

125.   Plaintiff restates and realleges the allegations of the previous paragraphs in this Complaint as if fully set forth herein.

126.   As the governmental agency responsible for the actions of the MCSO and its officers, Defendant Maricopa County owed a duty to the public to properly train and supervise its employees, including Detective Kaplan. This includes, without limitation, training its detectives to respect professional and personal boundaries. This also includes supervising detectives that it suspects, or knows, have a proclivity to have sexual relationships with witnesses or victims of crimes.

127.   As alleged herein, Defendant Maricopa County knew about prior instances where Detective Kaplan had inappropriate sexual relationships or sexually assaulted a witness or victim of a crime that he was investigating.

13

128. Despite this knowledge, Defendant Maricopa County retained Detective Kaplan.

129. Defendant Maricopa County failed to properly train its detectives, including Detective Kaplan, to avoid violating professional and personal boundaries resulting in sexual relationships or assaults with witnesses or victims, including Plaintiff.

130. As alleged herein, Defendant Maricopa County failed to properly supervise its detectives, including Detective Kaplan, resulting in another instance where Detective Kaplan exploited his position of power to sexually assault Plaintiff.

131. As a result of Defendant Maricopa County's breaches of its duties, Plaintiff sustained damages, including mental anguish and psychological/emotional damages in an amount to be proven at trial.

## COUNT 5
### Battery
### (Against Defendant Gary Kaplan)

132. Plaintiff restates and realleges the allegations of the previous paragraphs in this Complaint as if fully set forth herein.

133. As alleged herein, Defendant Kaplan intentionally caused offensive and harmful contact with Plaintiff.

134. As a result of Defendant Kaplan's actions, Plaintiff sustained damages, including mental anguish and psychological/emotional damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a judgment in its favor and against all Defendants:

A.  For compensatory, general, and special damages in an amount to be proven at trial, including compensation for loss of enjoyment of life, that is, the participation in life's activities to the quality and extent normally enjoyed before the events alleged in this Complaint;

B.  For punitive damages;

14

C.      For attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable law;

D.      For pre-judgment and post-judgment inter to the extent permitted by law;

E.      For such other and further relief as the Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 19th day of July 2021.

**LAW OFFICE OF SCOTT GRIFFITHS PLLC**

*/s Scott Griffiths*                
Scott Griffiths
201 E Southern Ave, Suite 207
Tempe, Arizona 85282
*Attorney for Plaintiff*

# Attachment 4
## Service Documents

Scott Griffiths (028906)
**The Law Office of Scott Griffiths PLLC**
201 E. Southern Ave. #207
Tempe, AZ 85282
602 875 0601
docket@griffithslawaz.com
*Attorney for Plaintiff*

CLERK OF THE
SUPERIOR COURT
RECEIVED SE
DOCUMENT DEPOSITORY

2021 JUL 31  PM 4:58

**FILED**
**BY S. BARBA, DEP**

IN THE SUPERIOR COURT
COUNTY OF MARICOPA, STATE OF ARIZONA

| | |
|---|---|
| MARNIE BRYAN | NO. CV2021-011427 |
| Plaintiff | |
| vs. | |
| MARICOPA COUNTY, a jural entity, ET AL | CERTIFICATE OF SERVICE BY PRIVATE PROCESS SERVICE |
| Defendants | |

I, Jeff Bourne, being fully qualified to serve process under ARCP 4(e) within the State of Arizona and having been appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS
COMPLAINT
CERTIFICATE OF COMPULSORY ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time shown below.

Service of the above-named documents was made upon **Paul Penzone** by leaving a copy with Mabis Ayala, Detention Officer (authorized to accept service) at 3:45pm on July 27, 2021 at 550 W. Jackson St., Phoenix, AZ 85003.

DATED: 7/27/21

_____
JEFF BOURNE      #5585

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

SIGMA PROCESS SERVICE
1753 E. BROADWAY #302
TEMPE, AZ 85282
480 736 1282

CLERK OF THE
SUPERIOR COURT
RECEIVED SE
DOCUMENT DEPOSITORY

2021 JUL 31  PM 4: 57

Scott Griffiths (028906)
**The Law Office of Scott Griffiths PLLC**
201 E. Southern Ave. #207
Tempe, AZ 85282
602 875 0601
docket@griffithslawaz.com
*Attorney for Plaintiff*

**FILED**
**BY S. BARBA, DEP**

IN THE SUPERIOR COURT
COUNTY OF MARICOPA, STATE OF ARIZONA

|  |  |  |
|---|---|---|
| MARNIE BRYAN | ) | NO. CV2021-011427 |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| MARICOPA COUNTY, a jural entity, ET AL | ) | BY PRIVATE PROCESS SERVICE |
| | ) | |
| Defendants | ) | |

I, Jeff Bourne, being fully qualified to serve process under ARCP 4(e) within the State of Arizona and having been appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS
COMPLAINT
CERTIFICATE OF COMPULSORY ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time shown below.

Service of the above-named documents was made upon **Maricopa County** by leaving a copy with Mia Vargas, Clerk of Board Assistant, at 3:04pm on July 27, 2021 at 301 W. Jefferson, Phoenix, AZ 85003.

DATED: 7/27/21

JEFF BOURNE   #5585

*I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.*

SIGMA PROCESS SERVICE
1753 E. BROADWAY #302
TEMPE, AZ 85282
480 736 1282

CLERK OF THE
SUPERIOR COURT
FILED
C. O'NEILL, DEP

Scott Griffiths (028906)
**The Law Office of Scott Griffiths PLLC**
201 E. Southern Ave, #207
Tempe, AZ 85282
602 875 0601
docket@griffithslawaz.com
*Attorney for Plaintiff*

**21 AUG 10  PM 1: 58**

## IN THE SUPERIOR COURT
## COUNTY OF MARICOPA, STATE OF ARIZONA

|  |  |  |
|---|---|---|
| MARNIE BRYAN | ) | NO. CV2021-011427 |
| Plaintiff | ) | |
| vs. | ) | |
| MARICOPA COUNTY, a jural entity, ET AL | ) | CERTIFICATE OF SERVICE |
|  | ) | BY PRIVATE PROCESS SERVICE |
| Defendants | ) | |

I, Jeff Bourne, being fully qualified to serve process under ARCP 4(e) within the State of Arizona and having been appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS
COMPLAINT
CERTIFICATE OF COMPULSORY ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time shown below.

Service of the above-named documents was made upon **Jane Doe Kaplan** by leaving a copy with Gary Kaplan, Spouse, at 2:30pm on August 5, 2021 at 107 E. Palomino Dr., Gilbert, AZ 85296.  Note: Mr. Kaplan is described as a white male, approximately 38 years of age, 6', 220 lbs., brown hair.

DATED: 8/5/21

_____
JEFF BOURNE        #5585

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

SIGMA PROCESS SERVICE
1753 E. BROADWAY #302
TEMPE, AZ 85282
480 736 1282

# Attachment 5
## Remainder of State Court Record

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
7/19/2021 5:09:13 PM
Filing ID 13141760

**In the Superior Court of the State of Arizona**
**In and For the County of Maricopa**

**Plaintiff's Attorney:**
Scott Griffiths
Bar Number: 028906, issuing State: AZ
Law Firm: The Law Office of Scott Griffiths PLLC
1753 E Broadway Road Suite 101-258
Tempe, AZ 85282
Telephone Number: (602)790-7298
Email address: scott@griffithslawaz.com

**CV2021-011427**

**Plaintiff:**
Marnie Bryan

**Defendants:**
Maricopa County

Paul Penzone

Gary Kaplan

Jane Kaplan

Does 1-100

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Intentional Tort

AZturboCourt.gov Form Set #5913976

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
7/19/2021 5:09:13 PM
Filing ID 13141761

Person/Attorney Filing: Scott Griffiths
Mailing Address: 1753 E Broadway Road Suite 101-258
City, State, Zip Code: Tempe, AZ 85282
Phone Number: (602)790-7298
E-Mail Address: scott@griffithslawaz.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028906, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Marnie Bryan
Plaintiff(s),
v.
Maricopa County, et al.
Defendant(s).

Case No.  **CV2021-011427**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Scott Griffiths /s/
      Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
7/19/2021 5:09:13 PM
Filing ID 13141762

Person/Attorney Filing: Scott Griffiths
Mailing Address: 1753 E Broadway Road Suite 101-258
City, State, Zip Code: Tempe, AZ 85282
Phone Number: (602)790-7298
E-Mail Address: scott@griffithslawaz.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028906, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Marnie Bryan
Plaintiff(s),
v.
Maricopa County, et al.
Defendant(s).

Case No.  **CV2021-011427**

**SUMMONS**

To: Maricopa County

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *July 19, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *MICHELLE BOUISE*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

*AZturboCourt.gov Form Set #5913976*

2

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
7/19/2021 5:09:13 PM
Filing ID 13141763

Person/Attorney Filing: Scott Griffiths
Mailing Address: 1753 E Broadway Road Suite 101-258
City, State, Zip Code: Tempe, AZ 85282
Phone Number: (602)790-7298
E-Mail Address: scott@griffithslawaz.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028906, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Marnie Bryan
Plaintiff(s),
v.
Maricopa County, et al.
Defendant(s).

Case No. **CV2021-011427**

**SUMMONS**

To: Paul Penzone

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *July 19, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *MICHELLE BOUISE*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
7/19/2021 5:09:13 PM
Filing ID 13141764

Person/Attorney Filing: Scott Griffiths
Mailing Address: 1753 E Broadway Road Suite 101-258
City, State, Zip Code: Tempe, AZ 85282
Phone Number: (602)790-7298
E-Mail Address: scott@griffithslawaz.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028906, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Marnie Bryan<br>Plaintiff(s),<br>v.<br>Maricopa County, et al.<br>Defendant(s). | Case No. **CV2021-011427**<br><br>**SUMMONS** |

To: Gary Kaplan

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u> Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *July 19, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *MICHELLE BOUISE*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
7/19/2021 5:09:13 PM
Filing ID 13141765

Person/Attorney Filing: Scott Griffiths
Mailing Address: 1753 E Broadway Road Suite 101-258
City, State, Zip Code: Tempe, AZ 85282
Phone Number: (602)790-7298
E-Mail Address: scott@griffithslawaz.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028906, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Marnie Bryan<br>Plaintiff(s),<br>v.<br>Maricopa County, et al.<br>Defendant(s). | Case No.  **CV2021-011427**<br><br>**SUMMONS** |

To: Jane Kaplan

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *July 19, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *MICHELLE BOUISE*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
7/19/2021 5:09:13 PM
Filing ID 13141766

Person/Attorney Filing: Scott Griffiths
Mailing Address: 1753 E Broadway Road Suite 101-258
City, State, Zip Code: Tempe, AZ 85282
Phone Number: (602)790-7298
E-Mail Address: scott@griffithslawaz.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028906, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Marnie Bryan
Plaintiff(s),
v.
Maricopa County, et al.
Defendant(s).

Case No. **CV2021-011427**

**SUMMONS**

To: Does 1-100

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u> Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *July 19, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *MICHELLE BOUISE*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5913976

CLERK OF THE
SUPERIOR COURT
RECEIVED SE
DOCUMENT DEPOSITORY

2021 JUL 31  PM 4: 58

Scott Griffiths (028906)
**The Law Office of Scott Griffiths PLLC**
201 E. Southern Ave. #207
Tempe, AZ 85282
602 875 0601
docket@griffithslawaz.com
*Attorney for Plaintiff*

**FILED**
**BY S. BARBA, DEP**

IN THE SUPERIOR COURT
COUNTY OF MARICOPA, STATE OF ARIZONA

|  |  |  |
|---|---|---|
| MARNIE BRYAN | ) | NO. CV2021-011427 |
|  | ) |  |
| Plaintiff | ) |  |
| vs. | ) |  |
|  | ) | CERTIFICATE OF SERVICE |
| MARICOPA COUNTY, a jural entity, ET AL | ) | BY PRIVATE PROCESS SERVICE |
|  | ) |  |
| Defendants | ) |  |

I, Jeff Bourne, being fully qualified to serve process under ARCP 4(e) within the State of Arizona and having been appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS
COMPLAINT
CERTIFICATE OF COMPULSORY ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time shown below.

Service of the above-named documents was made upon **Paul Penzone** by leaving a copy with Mabis Ayala, Detention Officer (authorized to accept service) at 3:45pm on July 27, 2021 at 550 W. Jackson St., Phoenix, AZ 85003.

DATED: 7/27/21

_____
JEFF BOURNE       #5585

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

SIGMA PROCESS SERVICE
1753 E. BROADWAY #302
TEMPE, AZ 85282
480 736 1282

CLERK OF THE
SUPERIOR COURT
RECEIVED SE
DOCUMENT DEPOSITORY

2021 JUL 31 PM 4: 57

Scott Griffiths (028906)
**The Law Office of Scott Griffiths PLLC**
201 E. Southern Ave. #207
Tempe. AZ 85282
602 875 0601
docket@griffithslawaz.com
*Attorney for Plaintiff*

**FILED**
**BY S. BARBA, DEP**

## IN THE SUPERIOR COURT
## COUNTY OF MARICOPA, STATE OF ARIZONA

| | | |
|---|---|---|
| MARNIE BRYAN | ) | NO. CV2021-011427 |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| MARICOPA COUNTY, a jural entity, ET AL | ) | BY PRIVATE PROCESS SERVICE |
| | ) | |
| Defendants | ) | |

I, Jeff Bourne, being fully qualified to serve process under ARCP 4(e) within the State of Arizona and having been appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS
COMPLAINT
CERTIFICATE OF COMPULSORY ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time shown below.

Service of the above-named documents was made upon **Maricopa County** by leaving a copy with Mia Vargas, Clerk of Board Assistant, at 3:04pm on July 27, 2021 at 301 W. Jefferson, Phoenix, AZ 85003.

DATED: 7/27/21

_____
JEFF BOURNE    #5585

*I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.*

SIGMA PROCESS SERVICE
1753 E. BROADWAY #302
TEMPE, AZ 85282
480 736 1282

CLERK OF THE
SUPERIOR COURT
FILED
C. O'NEILL, DEP

**21 AUG 10  PM 1: 58**

Scott Griffiths (028906)
**The Law Office of Scott Griffiths PLLC**
201 E. Southern Ave. #207
Tempe, AZ 85282
602 875 0601
docket@griffithslawaz.com
*Attorney for Plaintiff*

## IN THE SUPERIOR COURT
## COUNTY OF MARICOPA, STATE OF ARIZONA

MARNIE BRYAN )
)
) NO. CV2021-011427
)
Plaintiff )
vs. )
)
MARICOPA COUNTY, a jural entity, ET AL )
)
)
Defendants )
_____ )

CERTIFICATE OF SERVICE
BY PRIVATE PROCESS SERVICE

I, Jeff Bourne, being fully qualified to serve process under ARCP 4(e) within the State of Arizona and having been appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS
COMPLAINT
CERTIFICATE OF COMPULSORY ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time shown below.

Service of the above-named documents was made upon **Jane Doe Kaplan** by leaving a copy with Gary Kaplan, Spouse, at 2:30pm on August 5, 2021 at 107 E. Palomino Dr., Gilbert, AZ 85296.  Note: Mr. Kaplan is described as a white male, approximately 38 years of age, 6', 220 lbs., brown hair.

DATED: 8/5/21

JEFF BOURNE      #5585

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

SIGMA PROCESS SERVICE
1753 E. BROADWAY #302
TEMPE, AZ 85282
480 736 1282

# Attachment 6
Verification of DCA Attorney Pamela A. Hostallero

**VERIFICATION OF PAMELA A. HOSTALLERO**

STATE OF ARIZONA)

                     )ss.

County of Maricopa)

I, Pamela A. Hostallero, declare under penalty of perjury that I am a Deputy County Attorney with the Maricopa County Attorney's Office, Civil Services Division and that the attached documents are true and complete copies of all pleadings and other documents filed in the state court proceeding *Marnie Bryan  v. Maricopa County, et al*., Maricopa County Superior Court Case No. CV2021-011427

DATED this  16th day of August 2021.

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

*/s/Pamela A. Hostallero*
PAMELA A. HOSTALLERO
Deputy County Attorney

1

Exhibit C
Superior Court Notice of Removal to
the Federal District Court

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

By:    PAMELA A. HOSTALLERO (026711)
       hostallp@mcao.maricopa.gov
       JONATHAN C. SIMONS (029750)
       simonj@mcao.maricopa.gov
       Deputy County Attorneys

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-3411
Facsimile (602) 506-4316
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 0003200

*Attorneys for Defendants Maricopa County
and Paul Penzone*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MARNIE BRYAN,<br><br>                  Plaintiffs,<br><br>vs.<br><br>MARICOPA COUNTY, a jural entity;<br>PAUL PENZONE in his official capacity as<br>Maricopa County Sheriff; GARY and JANE<br>DOE KAPLAN, a married couple; DOES 1-<br>100,<br><br>                  Defendants. | No. CV2021-011427<br><br>**NOTICE OF FILING NOTICE OF REMOVAL**<br><br>(Assigned to the Honorable Joan M. Sinclair) |

TO THE CLERK OF THE COURT AND PLAINTIFF:

PLEASE TAKE NOTICE THAT Defendants Maricopa County and Sheriff Paul

Penzone, ("Defendants") hereby notify this Court that it has filed a Notice of Removal of

-1-

this action to the United States District Court for the District of Arizona.  A copy of the

Notice of Removal (without attachments) is attached hereto as Exhibit A.

**RESPECTFULLY SUBMITTED** this 16ᵗʰ day of August 2021.

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

BY:  *s/Pamela Hostallero*
PAMELA A. HOSTALLERO
JONATHAN C. SIMON
*Attorneys for Defendants Maricopa
County and Paul Penzone*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

The Honorable Joan M. Sinclair
Judge of the Superior Court
East Court Building
101 W. Jefferson Street, Courtroom 911
Phoenix, AZ  85003

Scott Griffiths
LAW OFFICE OF SCOTT GRIFFITHS PLLC
1753 East Broadway Road, Suite 101-258
Tempe, AZ  85282
scott@griffithslawaz.com
*Attorneys for Plaintiff*

*s/D. Shinabarger*

S:\CIVIL\CIV\Matters\CJ\2021\Bryan, Marnie v MC et al. 2021-138\Pleadings\Removal to DC\C. NO of Removal SC.docx

# Exhibit A

Notice of Removal from Maricopa
County Superior Court to District Court

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

By: PAMELA A. HOSTALLERO (026711)
    JONATHAN C. SIMONS (029750)
    Deputy County Attorneys
    hostallp@mcao.maricopa.gov
    simonj@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-3411
Facsimile (602) 506-8567
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorney for Defendants Maricopa County
and Paul Penzone

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARNIE BRYAN,<br><br>                Plaintiff,<br><br>v.<br><br>MARICOPA COUNTY, a jural entity; PAUL PENZONE in his official capacity as Maricopa County Sheriff; GARY and JANE DOE KAPLAN, a married couple; DOES 1-100,<br><br>                Defendants. | NO.<br><br>**NOTICE OF REMOVAL OF MARICOPA COUNTY SUPERIOR COURT CASE NO. CV2021-011427 TO THE UNITED STATES DISTRICT COURT** |

Defendants, Maricopa County and Paul Penzone, by and through undersigned counsel and pursuant to 28 U.S.C. §§1441(c), §1446(a), and Rule 3.6, Rules of Practice of the United States District Court for the District of Arizona, notice the removal of the above-captioned case, cause number CV2021-011427, from the Arizona Superior Court, Maricopa County, to this Court, and in support of removal assert the following:

1

1.      On or about July 19, 2021, Plaintiff filed a Complaint against Defendants in the Superior Court of the State of Arizona for the County of Maricopa under the caption *Marnie Bryan v. Maricopa County, et al.,* No. CV2021-011427.  A copy of the Complaint and all other documents previously filed in this matter and served on Defendants is attached hereto as Exhibit A.

2.      The Complaint was served on Defendants Maricopa County and Paul Penzone on July 27, 2020.

3.      The Defendants have not pleaded, answered or otherwise appeared in the action.

4.      This Notice of Removal is filed within 30 days after service of the Complaint and is therefore timely filed under 28 U.S.C. § 1446(b).

5.      The lawsuit filed in Maricopa County, among other claims, alleges the violation of Plaintiff's rights under the Fourteenth Amendment of the U.S. Constitution and federal *Monell* violations and is brought pursuant to 42 U.S.C. § 1983.

6.      By reason of the above facts, (a) the United States District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1331, because one or more claims asserted by the Plaintiff arises under the Constitution, laws, or treaties of the United States; and (b) the case is removable pursuant to 28 U.S.C. § 1441(c).  All Defendants who have been served consent to the removal of this action.

7.      A Notice of Filing of Notice of Removal, a true and correct copy of which is attached as Exhibit B, has been filed in the Arizona Superior Court, County of Maricopa, on behalf of Defendants.

WHEREFORE, Defendants respectfully requests that the above action now pending in the Arizona Superior Court, Maricopa County, be removed to this Court.

**RESPECTFULLY SUBMITTED** this <u>16th</u> day of August, 2021.

ALLISTER ADEL
MARICOPA COUNTY ATTORNEY

BY: <u>/s/ Pamela A. Hostallero</u>
PAMELA A. HOSTALLERO
JONATHAN C. SIMON
Deputy County Attorneys
*Attorneys for Defendants Maricopa*
*County and Paul Penzone*

CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of Court
United States District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street
Phoenix, Arizona 85003-2161

Scott Griffiths
LAW OFFICE OF SCOTT GRIFFITHS PLLC
1753 East Broadway Road, Suite 101-258
Tempe, AZ  85282
docket@griffithslawaz.com
*Attorney for Plaintiff*

<u>/s/D. Shinabarger</u>

S:\CIVIL\CIV\Matters\CJ\2021\Bryan, Marnie v MC et al. 2021-138\Pleadings\Removal to DC\NO of Removal of MC Sup Crt to Dist Court 08.02.21.docx

3

**Debra Shinabarger**

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Monday, August 16, 2021 9:46 AM |
| **To:** | Debra Shinabarger; Darcie Loucks |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #5997825 has been delivered to Maricopa County - Superior Court.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: CV2021011427 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Filed By: Pamela Hostallero
AZTurboCourt Form Set: #5997825
Delivery Date and Time: Aug 16, 2021 9:46 AM MST

Forms:


Attached Documents:
Notice of Removal to Federal Court: Notice of Filing Notice of Removal
Exhibit/Attachment (Supporting): Exhibit A Notice of Removal from Maricopa County Superior Court to US District Court


E-Service notification was sent to the following recipient(s):

Scott Griffiths at scott@griffithslawaz.com